**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANA FEWELL, Individually and as Successor in Interest to Weldon Patterson Fewell, deceased; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> STATE OF CALIFORNIA; et al., <br><br> Defendants-Appellees. | No. 17-55536 <br><br> D.C. No. 2:16-cv-01934-DSF-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted August 7, 2018
Pasadena, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and HOYT,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

Plaintiffs appeal the district court's order granting defendants' motion for summary judgment. The parties are familiar with the facts so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Officer Sanchez did not violate Fewell's Fourth Amendment right because plaintiffs did not show that Officer Sanchez's conduct was objectively unreasonable. *See Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010). Officer Sanchez was positioned near the rearward path of the truck and could hear the engine revving at high speeds. When the truck gained traction, Officer Sanchez perceived an imminent threat; his fear and his use of force were objectively reasonable. Therefore, Officer Sanchez is entitled to summary judgment on plaintiffs' Fourth Amendment claim.

2.     Officer Sanchez did not violate plaintiffs' Fourteenth Amendment rights because plaintiffs did not show that Officer Sanchez acted with a purpose to harm unrelated to legitimate law enforcement objectives. *Id.* at 554. The evidence does not suggest a purpose to harm, and his conduct was related to legitimate law enforcement objectives of self-defense and the defense of others. Therefore, Officer Sanchez is entitled to summary judgment on plaintiffs' Fourteenth Amendment claim.

3. Because Officer Sanchez's conduct was reasonable under the Fourth Amendment, it is also reasonable under state tort law. *See Brown v. Ransweiler*, 89 Cal. Rptr. 3d 801, 817 (Cal. Ct. App. 2009); *Edson v. City of Anaheim*, 74 Cal. Rptr. 2d 614, 616 (Cal. Ct. App. 1998). Therefore, defendants are entitled to summary judgment on the plaintiffs' state tort claims.

**AFFIRMED**.